I concur in that portion of the majority opinion regarding the claims against Brent Head. I dissent, however, from the majority's holding that the Civil Damages Act imposes strict liability on the seller of alcoholic beverages and from its holding that the trial court erred in failing to direct a verdict for the plaintiff on the issue of Cannon Oil Corporation's liability under the Civil Damages Act because Cannon Oil Corporation failed to require proof of Deon McLeod's age before selling beer to him.
By imposing strict liability on sellers of alcoholic beverages, the majority holds that a seller of alcoholic beverages is, as a matter of law, chargeable with notice of a purchaser's minority and imposes on the seller a duty to ascertain to a certainty that the purchaser is not a minor. Unlike § 6-5-71, Ala. Code 1975, which this Court in McIsaac v.Monte Carlo Club, Inc., 587 So.2d 320 (Ala. 1991), held created strict liability in case of its violation, § 6-5-70 contains the following proviso: "provided the *Page 895 
person selling or furnishing liquor to the minor had knowledge of or was chargeable with notice or knowledge of such minority." The majority states that to establish liability under § 6-5-70 the plaintiff "must prove that the defendant (1) sold spirituous liquors to a person who was a minor, and (2) was chargeable with notice or knowledge of the minority."
I would hold that the question of whether Cannon Oil Corporation, under the facts of this case, was chargeable with notice or knowledge of McLeod's minority is a question of fact for the jury. The jury heard the testimony of the clerks who sold the beer to Deon and saw the videotapes of both sales and determined that Cannon Oil Corporation should not be held chargeable with knowledge of Deon's minority. I would affirm the judgment entered on the jury verdict. Accordingly, I dissent from that portion of the opinion regarding the claims against Cannon Oil Corporation.
ALMON, J., concurs.